We're going to hear you in Turner v. Middle Rebrand, Conservancy, Case No. 172105. What you got? It's not High Desert Relief. Sorry, I'm sorry. I apologize for that. I had the next case in wrong order. You thought you'd be so lucky. You thought you were going to argue a different case? High Desert Relief v. United States, 172083. How's that? That sounds a little better. That sounds more familiar? Yes. All right. Thank you. Thank you. Mr. Duncan, relax for a moment. May it please the Court. The government has declared war on drugs, and this is one of the main battlefields. As the Court has probably seen, there are a number of summons actions pending in the lower courts. This is one that has made it up to the appellate level. The Justice Department informed this Court on March 7th that it intends to enforce the federal crime of selling marijuana. Since the IRS audits have comparatively little constitutional protection, if allowed by this Court, the information received from the audit can be shared with law enforcement, and the Department of Justice can move forward with its enforcement priorities information in hand. We think this makes the IRS audit a little more than a Trojan horse. While the tax power is broad, and it's clear that illegal income can be taxed, the Supreme Court has recognized that there's an interrelationship between the tax power and the other constitutional commands. And because of that interrelationship, the Court has to be wary of the Department of Justice IRS from seeking what is information of an area that has permeated the criminal statutes against those inherently suspect of criminal activity in their audit process. Are you suggesting that remarkably, and I emphasize remarkably, the IRS is not trying to get money from your clients in this case? We're not saying that, no. So their purpose is they want the money. I mean, if Congress has provided statutes that would authorize them to share whatever audit information they get with the DOJ, that's beyond the point, isn't it? No, we really don't think that's beyond the point. And here's the reason, and this is where the constitutional difficulty comes in, as discussed in the Leary case and that line of cases. The tax power, the ability of the IRS to investigate, has been delegated from Congress pursuant to the tax power, Article I. Under the Article I tax powers, the courts have given a very relaxed standard to Fourth and Fifth Amendment privileges. And with Fourth and Fifth Amendment privileges being relaxed, they can get the information. And, of course, usually it's in just a regulatory environment, not in an area that is overseen with criminal statutes. Now, what happens if you have, you know, unlawful drug trafficking, for example? That's something that is adopted by Congress and sent to enforcement through Article II, the executive power, with the full panoply of Fourth and Fifth Amendment protections. So what happens is, and the constitutional difficulty becomes, is when you are using Article I tax power with the relaxed Fourth and Fifth Amendment protections to obtain information that can then be shared with the Department of Justice or other law enforcement and can be used in a subsequent criminal prosecution. Perhaps I missed something, but you have not made a constitutional challenge to the IRS's ability to do that, right? What we are saying is that 280E has to be construed. The question is, under 280E, does the IRS have this ability to investigate this area? And we think it's necessary to look at these issues. Our argument has been that Congress did not delegate this authority to the IRS. So your response to my question is you're not making some sort of constitutional challenge. We are not trying to say that 280E is unconstitutional. All right. Well, looking at our Green case, why can't the IRS do exactly what it's doing? The IRS has, Green would suggest, at least in my first reading of it, and more than first reading of it, that they have the institutional authority to collect the money. And go ahead, please. I'm sorry. This is true, and this is the balancing that we're discussing. Yes, the tax power allows them to collect and enforce taxes. But the problem lies is when they try to get into an area that is permeated with criminal statutes. There has to be a constitutional balancing. And that's what the Marchetti case stands for. There's a constitutional balancing that has to be present. Well, 280E puts them in this situation. I mean, 280E opens up this area of disallowance of deductions. And so in order to – is there any other entity that can enforce 280E? With regard, you mean to disallowance of deductions? Yes. No, that is definitely the Internal Revenue Service. Well, then if it's the Internal Revenue Service province, then who else can do this collection of information that you're alluding to? It's got to be them, right? The Department of Justice. And this is the question here. Whoa, whoa, whoa. The Department of Justice. I just asked you whether the only entity that can operate under 280E is the IRS. What does the Department of Justice have to do with this if the function that is being taken place here is to determine whether to disallow deductions? Because the underlying prerequisite for the application of 280E is for a determination that the taxpayer has violated criminal drug laws. And so that is the problem with 280E. Well, the IRS is not trying to prosecute anybody. Why can't they make an administrative determination for their purposes that drug laws have been violated? What's so remarkable about such an exercise? Nor was the IRS trying to criminally prosecute on the Marijuana Tax Act. But yet it was found that their ability to collect the information of area permeated with criminal statutes and the ability to share that with law enforcement created the constitutional difficulty. Yes, the Marijuana Tax Act, the Wagers Excise Tax Act, and also the Firearms Registration Act all had the same purpose. It was to collect revenue. But the problem is that when the incriminating evidence can be shared with law enforcement, that's the problem. Now, what has happened in 280E is that there is nothing, no protections in Section 280E. Unlike what Congress did with the Marijuana Tax Act, which ended up turning into the Controlled Substances Act, under the Wagers Excise Tax Act, which was substantially modified to provide the constitutional protections. 280E does not have the constitutional protections. So there's only two ways that this can be construed. It's that 280E is unconstitutional, which is not what we're here today to say. Or that the Congress did not delegate the authority to the IRS to investigate these areas. This is the important... Well, that goes back to the question. If not the IRS, then what entity has Congress delegated that authority to? And if you say the Department of Justice, I think it would come as a shock to them that they're supposed to be collecting money now. No, they wouldn't be collecting money. What it is is that the underlying fact of the unlawful drug trafficking. I mean, they can collect money all they want. If there was like a criminal conviction of unlawful drug trafficking, then at that point the IRS, just like it did in the past there, takes a conviction and says, okay, taxpayer, you did unlawful drug trafficking. You owe X. Well, why doesn't Green torpedo this argument? I mean, I'm at a loss. I read it, and it seems to me it says that's irrelevant. I mean, the point is the IRS has a job to do. Let it do its job. 280E, Congress gives its job, so it does it, irrespective of whether your clients are ever prosecuted for anything. Well, and this goes into what the Supreme Court was talking about in the line of cases that they're saying, is that when it's in the general regulatory category, and this is the important thing, this is where there was the Shapiro case that they discussed in those lines of cases, United States Supreme Court, and if it's in the regulatory world, what you're saying in Green is exactly right. It's when you get into an area, like they say, permeated with criminal statutes, that we start having to look at the constitutional balancing. Granted, like under Green and many cases, Congress has a broad authority to tax. You say when I get into the regulatory world, Green involved 280E. Oh, are you talking about Green Solution? I'm sorry. Yes. Let me be clear then. I apologize. Green Solution. Okay. I thought you were talking about another case. Green Solution. Green Solution dealt with the Anti-Injunction Act, and the question that the, with regard to the Anti-Injunction Act, is whether the court had subject matter jurisdiction to address this issue. And in footnote 8. Yeah, I know footnote 8, but all right, but is there general language in Green that would suggest that the argument you're making here just doesn't hold water? At most it's dicta, and what, because there's no ruling. There's absolutely no ruling in Green Solution, because they determined that there was no subject matter jurisdiction. Now, with respect to the fact that there's nothing in the, in 280E itself, that says that there has to be a criminal conviction, it still doesn't address this constitutional balancing. Counsel, can I just stop you there? I mean, I guess in response to Judge Holmes, you're saying you're not challenging it on constitutional grounds, correct? You've stated that. We, yeah, we're not trying to have the court render 280E unconstitutional. Okay. But what you are asking, or at least, correctly if I'm wrong, is basically a constitutional avoidance principle. I mean, we should construe it narrowly to avoid constitutional problems? Is that the argument you're making? It's not that it's being construed narrowly. Section 280E applies to unlawful drug traffickers and no others. And so the question becomes, when you are dealing with a tax provision that applies to only criminals, what is the constitutional balancing? I guess I'm having trouble figuring out why that isn't a constitutional claim. Well, because the primary thing under 280E is to determine the unlawful drug trafficking. That's the predicate issue. 280E is an income characterization statute. Well, then, aren't you arguing for, to go back to Judge Hyde's point, aren't you then arguing for a narrow construction that would say that the entity that is going to make that determination, that predicate determination, should not be the IRS. It should be DOJ. Correct. Yeah. The IRS, Congress did not delegate the authority to the IRS to make that predicate determination. Okay. So that's a construction of the statute. Correct. Correct. Exactly. Okay. That's where we're going. And I'd like to reserve the remaining area of time for rebuttal. Reserved. Good morning. May it please the Court. I'm Mike Hongs from the Department of Justice on behalf of the United States. The issue in this case is simply whether three summonses that the IRS issued to investigate the tax liabilities of a corporation called Hyde Desert Relief should be enforced. The district court, Judges Armijo and Judge Johnson, concluded that they should, and we submit that that conclusion is correct. What the case is not about is the allowance of any specific deductions or the actual determination of tax liability, because we're just at the investigation, the audit phase. There hasn't been a determination of Hyde Desert's tax liability. If there is, they would have the opportunity to challenge that in tax court or district court or the Court of Federal Claims, like any tax dispute. It's also not a case about the Fifth Amendment, because Hyde Desert, in these summonses, is not being asked to give any information, incriminating or otherwise. They are summonses issued to third parties. Two summonses are to banks. One is to a utility company. They have brought into the case in the reply brief and then in the 28J letter the Leary case and then the Marchetti case and a couple of companion cases, which really have no application here. The principle in those cases was that someone was being asked in a tax statute to make a declaration about engaging in an activity that would end up subjecting them to prosecution. Here, Hyde Desert is not being asked to give any information. The IRS is simply trying to gather information from banks, and it's really information about what their gross receipts would be. The information that they're presumably most concerned about would be the information from the New Mexico Department of Health Marijuana Enforcement Division. That particular summons has become moot. The government withdrew its request to have that enforced because the government was able to get that information through a public information request to the state agency directly. So the IRS already has that information. They're also concerned about the, well, I would assume they're concerned about them all, but they would also be concerned about the public utility one that goes to usage of energy. That goes to whether you're raising plants, right? Well, whether you're raising plants, or I think probably more specifically how many plants one is raising. Well, that's right. So that's going to be significant, and that goes towards potential criminal liability, doesn't it? Well, it would go to the amount of gross revenue. It doesn't go to criminal liability? Oh, I see. If the government were to prosecute them for a marijuana crime, you mean the scope of the growing operation. Right. I suppose. I'm not a criminal prosecutor, but yes, I've heard those statutes. The more plants, yeah, the more plants gives you more time. Yes. But again, the request is not asking High Desert to incriminate itself. It's a request to the utility company. So there's not a Fifth Amendment implication to that. Let me ask you a basic question related to the standard of review. You relied upon our Villa Real case in arguing for a standard of review that wasn't traditional summary judgment. What about our Juul case that would suggest which is a controlling precedential case? Unlike Villa Real, that would suggest that traditional summary judgment applies. I'm sorry. I'm not recalling that case. I'm not familiar with that at the time I had Juul. Yeah. Well, it's 749 F3rd 1295, and we can just pursue that later. I'm sorry. I'm sorry. I'm not familiar with that one. But yes, there are certainly cases in this circuit and other circuits that say that it's reviewed quite deferentially, the standard review for reviewing summons enforcement. So basically the way you state the issue is the traditional way that I would expect you to state the issue. But you beg the question because you don't really address the question of whether the controlled substance act is dead letter as it applies to marijuana growers because of the policy not to prosecute in the state law that legalizes the growing. Would you address that aspect of the case? Well, our response to that is, first of all, we don't think that there is a general dead letter rule, certainly not one that applies in the context of Section 280E. There is a kind of dead letter rule that was qualified, that was codified in Section 162 that talks about disallowance of certain types of business deductions, but they require that it's a statute that is generally enforced. Congress did not put that sort of general enforcement provision into 280E, and so we would say that that old common law doctrine really doesn't have any application to 280E. Secondly, it really seems premature to say that marijuana enforcement is a dead letter. The case that taxpayers rely on for that proposition involved a state liquor law that apparently had not been enforced in many, many years. And there was testimony to the effect that it was really regarded by people in the state agency as just something absolutely that it's technically on the books, but they don't look at it. I think anybody aware of what's gone on in the news in the past 20 years would have to say that marijuana is a contentious subject. Different states have gone in different directions, and it would be really premature to say that there has been a final consensus that marijuana is not going to be enforced. And, of course, we did submit the current Attorney General's recent letter, which withdrew the two Deputy Attorney General memoranda that had been issued some years prior. That doesn't mean that we're about to enforce against high desert relief, but it simply says that it takes things back to where before those other memoranda were issued, and it's reviewed under the traditional standards for prosecution of the — I think it's called the Civiletti Memo and the United States Attorney's Memo — United States Attorney's Manual and that sort of thing. How — No. Go ahead, please. How does the present policy of the Department of Justice square with the — that choose to legalize the use of marijuana for a medical purpose or for the recreational use, such as Oregon, Washington, Colorado, et cetera? Honestly, I'm not really prepared to answer that. I'm from the tax division, and I do absolutely no work with drug enforcement or with criminal law in general. So, from a tax standpoint, the policy is to proceed to collect all taxes and to effect all tax legislation exactly as written. Yes. As this Court noted a couple of years ago in the Feinberg case, taxes are different from the criminal prosecution of drug laws. Do you know of any authority that allows the federal courts to excuse compliance with those laws? To excuse compliance with the drug laws? No, with the revenue. With the revenue laws. No. No, I don't. As it relates to the Sessions memo, what significance should we attach to the fact that, in fact, those other memos were in place for a while during the period for which you seek to determine whether there is a disallowance of deductions? In other words, the issuance of the Sessions memo does not necessarily mean that there is no punch to their dead letter argument, because presumably their argument would be that before you issued the Sessions memo, it was a dead letter. I'm not saying I buy that. I'm just trying to understand what your position would be in that regard. I think the point there was that, and we said in the briefs here which were issued, we submitted our briefs before the Sessions memo came out, and our position then was the existence of those memos does not make it a dead letter, and even this Court in Feinberg pointed out that a future attorney general could rescind those memos, and then that's exactly what happened. We didn't know that was going to happen when we wrote these briefs, but I think that goes against it being a dead letter. It's something that's a dead letter is something that's really dead. This was sort of a sleeping letter, so to speak, if even that. But it certainly has been revived, and it suggests that it was really never dead because it's always been sort of in the forefront of policy discussions, and I think anybody would have had to contemplate, as this Court did, that it was possible that that guidance could get changed in the future. Well, it does create complications and difficulty. The United States is a sovereign. It's not a series of sovereigns divided into a series of departments, and you have the sovereign saying during the period of the memorandum being extant that those laws will not be enforced. Well, I don't – I'm not sure there will be memos. At least not from a criminal standpoint, which kind of cuts against the premise of your argument that this is not an excuse for criminal enforcement. I think that's a word you used. Unlawful, but criminal. I think the premise of our argument is that even during the period of those memos, there was never any action by the IRS to back off the collection of taxes or the enforcement of Section 280E, as the Court pointed out in the Feinberg decision. So whatever the criminal prosecution policy was or was not, and I'm really not prepared to address that, the tax side of things never saw this as being a dead letter, something that was not enforceable. It's really just a disallowance of a deduction for a certain type of business. And that doesn't really depend upon whether drug prosecution is or is not being enforced vigorously. I think I've made all the points that I had wanted to make. If the Court has any further questions. All right, if there are no further questions, thank you very much. Thank you for yielding the remainder of your time. Thank you. On both the dead letter issue and then also the issue of the administrative authority to determine whether or not this unlawful activity occurred, one of the questions that's going to have to be answered, and I'm not saying this Court has to answer it, but we have the Rohrabacher-Farr Amendment that is defunded the Department of Justice from attacking medical marijuana. The basic question, and I don't think that there's any precedent one way or the other, but is the act unlawful if it's unlawful to prosecute the act? I don't think it works quite that way. I mean, do you have any case authority that supports the proposition that the industry, the marijuana industry, is not subject to the Internal Revenue Code provisions for collection of taxes and all appropriate procedural means for enforcement thereof? Lawful and unlawful income, as Tank Truck Reynolds pointed out, is tax alike. The question is, though, to apply Section 280E, you have to come to the predicate determination that there's been unlawful trafficking. So, administratively, are they unlawfully trafficking if Rohrabacher-Farr prohibits the prosecution? I don't know that this Court has to answer the question, but I don't think that the IRS is the one that shouldn't answer the question. You're saying, if I can't prosecute it. Now, you said unlawful. Not funding something doesn't make it unlawful. You're saying if the Congress won't give any money to prosecute it, somehow or other it ceases to be unlawful? I mean, is this some sort of tree falling in the forest thing? I mean, it's still unlawful, right? Well, that's the question. As Justice Gorsuch mentioned in Feinberg, he said you might be forgiven for wondering whether memos are no memos, that being in the marijuana trade has a danger of self-incrimination. It's on the books. It's unlawful. Certainly. And that, I think, is the question. I think Justice Gorsuch did make a comment that this might not be the case. This is an area unlike any area that we've ever seen in the history of this country. And this court is going to be making public policy with whatever it decides and however it goes. There's nothing on point. And with that, thank you very much. Thank you, Counsel. Case is understood. Thank you very much. Counsel are excused. The case is submitted.